Matthias, J.
The principal question presented by the demurrer is whether the provisions of Section 1465-72», General Code, limiting the right to file a claim for compensation to two years, apply to a claim for an additional award of compensation on account of the violation of a specific requirement.
It is disclosed by the petition that the Industrial *187 Commission awarded the relatrix compensation in the aggregate sum of $6500 promptly upon her application therefor following the death of the employee, which occurred November 5, 1930. No claim was filed or asserted for an additional award based upon the violation of a specific requirement until October 11, 1933, when such application was filed with the Industrial Commission by the relatrix. Section 1465-72» provides as follows: “In all cases of injury or death, claims for compensation shall be forever barred, unless, within two years after the injury or death, application shall have been made to the industrial commission of Ohio or to the employer in the event such employer has elected to pay compensation direct.” The assertion of the claim for compensation within the time specified is a condition qualifying the right vested by the statute. Pittsburgh, C. & St. L. Ry. Co. v. Hine, Admx., 25 Ohio St., 629; McVeigh v. Fetterman, 95 Ohio St., 292, 116 N. E., 518; 18 Ruling Case Law, 859.
It is contended, however, that this statute has no application here because of the provisions of Section 1465-86, General Code, that the powers and jurisdiction of the Industrial Commission shall be continuing and that it “may from time to time make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion may be justified.”
The relatrix did not seek any modification or change of the former finding and order of the commission. That finding and order had been made pursuant to the provisions of Section 1465-82, General Code, which specifies the award to be made under various conditions of dependency therein enumerated, in case the injury causes death. It was the maximum award that could be made under the provisions of that section. The additional award thereafter sought by the relatrix is under favor of Article II, Section 35 of the Consti *188 tution, the pertinent portion of -which, after authorizing such award and directing that it shall be paid as other awards, provides “and, if such compensation is paid from the state fund, the premium of such employer shall be increased in such amount, covering such period of time as may be fixed, as will recoup the state fund in the amount of such additional award, notwithstanding any and all other provisions in this constitution.” The action under this provision is in no sense a modification of the previous award, but, on the contrary, is a new, separate and distinct award, application for which must be filed within the period limited by the statute. In the award made under Section 1465-82, General Code, negligence is not a factor. On the other hand, negligence — or rather, failure of the employer to comply with some specific lawful requirement — is the very basis of the additional award sought. The former is only for compensation; the latter is in the nature of a penalty upon the employer. The denial of an award under Section 1465-82, General Code, may be appealed from; but the determination by the commission of the question of the failure of the employer to comply with any specific requirement is final and can be challenged only upon the ground of abuse of discretion.
Another distinction between the ordinary award and the additional award authorized for violation of a specific requirement is that the former is paid out of the fund while the latter must be paid by the employer. It therefore amounts in a practical way to a claim against the employer, though the amount thereof is fixed and determined by the Industrial Commission.
We have said the employer is required to pay such additional award. Except in the case of a self-insurer, it is paid from the fund, and reimbursement procured through the assessment of additional premiums upon such employer. The theory urged by the relatrix would open the way for enforced inquiry as to the vio *189 lation of specific requirements and consequent additional awards to be collected from employers in every compensation claim filed with the Industrial Commission since 1925, for if the limitation prescribed by Section 1465-72a, General Code, is not applicable, then there is no limitation whatever other than the ten-year. limitation provided by Section 1465-86, General Code. Such a situation surely was not contemplated in the adoption of the constitutional provision or in the enactment of the Workmen’s Compensation Law.
This brings us to the further question presented by the demurrer: Do the facts alleged in the amended petition serve to toll the statute? These facts are in substance that the relatrix could not obtain knowledge and information of the violation of the specific requirements until on or about October 1, 1933, because the coal company and its officers conspired to and did withhold from the relatrix and others evidence pertinent to the cause and inception of the explosion in question. There is no claim of fraud arising from a fiduciary relation. Boiled down, the complaint is that the officers of the coal company did not, prior to October 1,' 1933, disclose facts from which it would appear that there was a violation of a specific lawful- requirement. There is no exception or saving clause which prevents the running of the statute upon the ground stated in the amended petition. “It has long been a well-settled rule in Ohio that a person’s lack of knowledge of his right of action does not prevent the running of the statute, or postpone the commencement of the period of limitation, until he discovers the facts, or learns of his rights thereunder. The plea of the statute goes to the existence of the cause of action, and not to knowledge of it.” 25 Ohio Jurisprudence, 597-598; Townsend v. Eichelberger, 51 Ohio St., 213, 38 N. E., 207.
The same general rule must be applied in the construction and application of the limitations provisions *190 of the Workmen’s Compensation Law. The primary and paramount purpose of that law is to provide for the expeditious adjustment and payment of claims for injuries suffered by employees, and for loss sustained by the dependents of employees killed in industrial accidents. There could be no warrant for the announcement of a doctrine that a statute of limitations in such cases does not begin to run until one liable in a possible claim for compensation or suit for damages informs his potential adversary of facts which might give rise to the liability of the former and a right of recovery by the latter. That is substantially what we are urged to do in this case. The demurrer to the amended petition must be sustained and, relatrix not desiring to plead further,' a writ of mandamus will be denied.

Writ denied.

Weygandt, C. J., Stephenson, Williams, Jones, Day and Zimmerman, JJ., concur.